(C. D. 606)

SAJI TRADING CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 26, 1942)

*Philip Stein* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of Los Angeles, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of bronze flower vases. Duty was levied thereon at the rate of 40 per centum ad valorem under paragraph 339 of the Tariff Act of 1930 as household utensils of the kind therein made dutiable at that rate.

It is claimed that said articles are properly dutiable at but 20 per centum ad valorem under the provision in paragraph 327 of said act for "cast hollow ware, coated, glazed, or tinned, but not including enameled ware and hollow ware containing electrical elements."

At the hearing, held at Los Angeles on March 19, 1940, it was stipulated by and between counsel for the respective parties in open court that said merchandise, represented by the sample admitted in evidence herein as illustrative exhibit A, contained no electrical elements. In addition to the sample, the plaintiff offered in evidence the testimony of a single witness, Yasou Shimizu, general manager of the plaintiff-corporation, who, after identifying said sample, described the process of manufacturing said vases. It was then similarly stipulated in open court that the vases were cast. The following colloquy then took place:

Mr. STEIN. I still think it is purely a question of law. We deny that it is used in the household—we concede that it is used in the household, but it is used for decorative purposes, and I think the Government will agree to that, too,—as a vase for flowers or something like that. We concede that, but I maintain that notwithstanding that that it is still more specifically covered by paragraph 327 than by paragraph 339, for the reason that paragraph 339 covers hollow ware and household utensils.

\*     \*     \*     \*     \*     \*     \*

Mr. WEIL. The Government is not in a position to state, or concede, or stipulate that this, referring to Illustrative Exhibit A, has been tinted, coated, or glazed, but we will concede that certain portions of it have been enameled.

\*     \*     \*     \*     \*     \*     \*

Judge DALLINGER. Does the Government concede that it is not enameled with vitreous glasses?

Appraiser GULICK. That it is partly covered with a vitreous glass.

On cross-examination the witness testified in part as follows:

X Q. Do you sell articles like Plaintiff's Illustrative Exhibit A?—A. Yes.

\*     \*     \*     \*     \*     \*     \*

X Q. Do you sell them at retail?—A. Retail and wholesale.

\*     \*     \*     \*     \*     \*     \*

X Q. If a person comes into your place what do they ask for? When you sell them this what do they call the article?—A. A bronze vase.

\*     \*     \*     \*     \*     \*     \*

X Q. They ask for a vase?—A. Yes, sir.

X Q. And you sell it to them as a vase?—A. Yes, sir.

\*     \*     \*     \*     \*     \*     \*

Mr. STEIN. The plaintiff rests.

Mr. WEIL. Do you concede that it is used in the household for the enjoyment of the family?

Mr. STEIN. Yes.

Mr. WEIL. That is all.

Since it is duly established that said vases are partly enameled with vitreous glasses, they are expressly excluded from said paragraph 327. Even if this were not so, the burden was upon the plaintiff to prove that the collector's classification of the vases as household utensils was erroneous, and that said vases were not chiefly used in the home for utilitarian purposes, which burden the plaintiff has failed to sustain.

Upon the facts and the law it follows that all claims of the plaintiff must be and they hereby are overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly.